## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>              v.<br><br>OKLAHOMA GAS & ELECTRIC CO.,<br><br>    Defendant. | Civil Action No. 5:13-cv-00690-D |

**PLAINTIFF UNITED STATES' MOTION FOR
SUMMARY JUDEMENT AND DECLARATORY RELIEF**

**ORAL ARGUMENT REQUESTED**

The Clean Air Act's Prevention of Significant Deterioration (PSD) program aims to prevent the degradation of air quality before it occurs.  *See* 42 U.S.C. § 7470.  Both the statute and its implementing regulations require an operator of an air pollution source to project future pollution levels before modifying its facilities; where the modification would lead to increased pollution, the operator must receive a permit for the work, and it must install and operate modern pollution controls.  *See* 42 U.S.C. § 7475; Oklahoma Air Pollution Control Regulations §§ 1.4.1(c)(1), 1.4.4(b)(2).  Should an operator fail in its forward-looking obligations, enforcement officials and public citizens are empowered by the statute to bring violations to the attention of the courts—even before a modification has led to dangerous increases in air pollution.  42 U.S.C. §§ 7477, 7604.

Oklahoma Gas and Electric Company (OG&E) performed numerous modifications on its coal-fired electric generating facilities between 2003 and 2006.  Rather than projecting its facilities' future emissions in accordance with the regulations, OG&E offered to voluntarily and temporarily manage its emissions to below PSD triggering levels.  But OG&E's "plan of action for compliance" simply exchanges PSD's pre-construction requirements for post-harm litigation, contrary to the Clean Air Act's forward-looking directive.  OG&E's interpretation of the law runs counter to Congress' statutory mandate and the plain language of the PSD rules.

Pursuant to 22 U.S.C. § 2201 and Fed. R. Civ. P. 57, the United States hereby requests this Court declare as a matter of law that unenforceable, temporary plans to limit air pollution to below "significance" levels do not suffice for compliance under Congress' PSD program nor under applicable implementing regulations.  OG&E relied

on its flawed interpretation of the PSD regulations when it skirted its preconstruction obligations, insisting that its facilities would be in "compliance" unless and until air pollution increased as a result of the Company's renovation work.  Because it effectively seeks to cut off *preventative* enforcement under the Prevention of Significant Deterioration program, OG&E's "compliance plan" has given rise to a definite and concrete dispute between the parties.  *Accord MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007).  A declaratory judgment is appropriate here, as there is no more efficient or effective alternative that would clarify the legal relations and obligations at issue.  *Cf. State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994) (setting forth factors for consideration); *see also Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n*, 685 F.3d 977 (10th Cir. 2012) (describing and applying the *Mhoon* factors).

      Notwithstanding OG&E's voluntary plan, the Company's preconstruction conduct can be evaluated for compliance with those preconstruction requirements crafted by Congress and implemented by EPA and the State of Oklahoma; PSD review—and enforcement—remains available to regulatory agencies and to courts of law.  As further set forth in the Opening Brief in Support attached hereto, the United States respectfully requests that this Court declare OG&E's "proposed plan of action for compliance" insufficient as a matter of law to comply with PSD's preconstruction emissions projection requirements, and direct the Company to submit proper projections for its modifications to the appropriate regulatory authorities for review and for all necessary permits.

Dated: August 30, 2013

Respectfully Submitted,

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources
  Division
U.S. Department of Justice

s/ *Elias L. Quinn*
ELIAS L. QUINN
Bar Number: 42159 (CO)
JASON A. DUNN
JAMES A. LOFTON
Attorneys for Plaintiff United States
Environmental Enforcement Section
Environment and Natural Resources
  Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 514-2756
Facsimile:  (202) 514-0097
E-mail: Elias.Quinn@usdoj.gov

OF COUNSEL:

SABRINA ARGENTIERI
Attorney-Advisor
U.S. EPA, Region 5
77 W. Jackson Blvd.
Chicago, IL 60604

LORRAINE DIXON
Assistant Regional Counsel
U.S. EPA, Region 6
1445 Ross Avenue
Dallas, Texas 75202

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2013, I electronically filed the foregoing Opening Brief and all supporting documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF Registrants:

**Brian J. Murray**
Jones Day

**Charles T. Wehland**
Jones Day

**Donald K. Shandy**
Ryan Whaley Coldiron Shandy PC

**Patrick R. Pearce, Jr.**
Ryan Whaley Coldiron Shandy PC

s/ *Elias L. Quinn*