### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | Civil Action No. CIV-13-690-D |
| ) | |
| v. ) | Judge Timothy D. DeGiusti |
| ) | |
| OKLAHOMA GAS AND ELECTRIC ) | |
| COMPANY, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

## OKLAHOMA GAS AND ELECTRIC COMPANY'S
## MOTION TO DISMISS

| | |
|---|---|
| Donald K. Shandy (OBA No. 11511) | Brian J. Murray |
| DShandy@ryanwhaley.com | bjmurray@jonesday.com |
| Patrick R. Pearce, Jr. (OBA No. 18802) | Charles Wehland |
| RPearce@ryanwhaley.com | ctwehland@jonesday.com |
| RYAN WHALEY COLDIRON SHANDY PLLC | JONES DAY |
| 119 N. Robinson Avenue, Ste 900 | 77 West Wacker Drive, Suite 3500 |
| Oklahoma City, OK 73102 | Chicago, Illinois 60601-1692 |
| Telephone: (405) 239-6040 | Telephone: (312) 782-3939 |
| Fax: (405) 239-6766 | Fax: (312) 782-8585 |
| | |
| Date: September 6, 2013 | *Counsel for Defendant Oklahoma Gas & Electric Company* |

Oklahoma Gas and Electric Company ("OG&E") owns and operates electricity-generating facilities in Oklahoma. Among them are the two coal-fired power plants known as the Muskogee and Sooner plants. Between 2003 and 2006, OG&E conducted eight routine maintenance and repair projects at five separate electricity-generating units, as identified in the Complaint, at these plants. For each project, OG&E sent a Project Notification to the Oklahoma Department of Environmental Quality ("ODEQ"). These notifications explained the scope of each proposed project and calculated and projected that non-Prevention of Significant Deterioration ("PSD") or only minimal post-project increases in the emissions of regulated pollutants from the units would follow.

ODEQ, which under the Clean Air Act ("CAA") is the primary authority for maintaining air quality in Oklahoma, did not direct OG&E to submit additional emissions projections for any of the projects, did not require OG&E to apply for a PSD permit for any of the projects, and did not take steps to stop construction on any of the projects. After each project, OG&E sent annual reports to ODEQ on the actual monitored emissions of regulated pollutants from the units. So, for each project, there are at least five years of actual post-project emissions data showing the amount of pollutants that were, in fact, emitted at the units—data that also confirmed OG&E's projections of minimal post-project emissions increases.

In this lawsuit, the United States contends that, before OG&E commenced these eight projects, it was required by state and federal provisions of the CAA to obtain PSD permits. The Government's Complaint requests: (1) declaratory judgment that OG&E somehow violated the law despite its compliance with state and federal regulations; and

(2) that OG&E be required to go back in time and redo the pre-project projections that it already completed as much as a decade ago. But this time the Government requests that the new projections be sent to the Environmental Protection Agency ("EPA") instead of ODEQ.

OG&E requests that this Court dismiss the Government's Complaint for the following reasons, and those included in the attached Brief in Support of the Motion to Dismiss:

- *First*, OG&E projected that no significant emissions increases would occur, and several years of actual post-project monitoring data proves that these pre-project projections were accurate. Therefore, there is no injury for this Court to redress, and the claims are moot. Likewise, forcing OG&E to redo projections several years after-the-fact when no mistake was made in the first place violates the equitable maxim that "equity will not do a useless or vain thing." Finally, the applicable PSD rules did not require *any* projections to be submitted to ODEQ or EPA.
- *Second*, the Government's claim is untimely. The CAA does not provide the relief the government seeks for a violation allegedly completed long ago. Besides, under 28 U.S.C. § 2462, any relief sought, including non-monetary relief, that goes beyond compensating a party for its injury is a penalty. And, where there are years of monitoring data voluntarily provided to the agency to conclusively show that neither the Government nor the environment have suffered any injury, the costly and time-consuming relief sought by the Government that goes beyond the requirements of the PSD rules acts as a penalty on OG&E. Because each project took place more than five years ago, the Government's claim seeking to penalize OG&E is time-barred.

Date: September 6, 2013                                    Respectfully Submitted,

                                                        s/ Brian J. Murray
                                                          Brian J. Murray
                                                            bjmurray@jonesday.com
                                                          Charles T. Wehland
                                                            ctwehland@jonesday.com
                                                          JONES DAY
                                                          77 West Wacker Drive, Suite 3500
                                                          Chicago, Illinois  60601-1692
                                                          Telephone:  (312) 782-3939
                                                          Facsimile:   (312) 782-8585

                                                          Donald K. Shandy (OBA No. 11511)
                                                           DShandy@ryanwhaley.com
                                                          Patrick R. Pearce, Jr. (OBA No. 18802)
                                                           RPearce@ryanwhaley.com
                                                          RYAN WHALEY COLDIRON
                                                          SHANDY PLLC
                                                          119 N. Robinson Avenue, Ste 900
                                                          Oklahoma City, OK 73102
                                                          Telephone:  (405) 239-6040
                                                          Fax:            (405) 239-6766

                                                          *Counsel for Defendant Oklahoma Gas*
                                                          *& Electric Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 6, 2013 I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

      Elias L Quinn
      US Dept of Justice Civil Div-601-DC
      601 D St NW
      Washington, DC 20004
      Phone:  (202) 514-2756
      Fax:     (202) 514-0097
      elias.quinn@usdoj.gov


      s/ Brian J. Murray
      Brian J. Murray